### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:

LEISURE INVESTMENTS HOLDINGS LLC,

          Debtor,

_____

TRADEWINDS, LTD. d/b/a
TRADEWINDS CONSULTING, LTD.,

          Plaintiff,

v.

CONTROLADORA DOLPHIN, SA de CV,
DOLPHIN LEISURE, INC.,
GLAS AMERICAS LLC, as Administrative
Agent, THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, PRUDENTIAL
LEGACY INSURANCE COMPANY OF NEW
JERSEY, AND CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

          Defendants.

Chapter 11

Case No. 25-10606 (LSS)

Adv. Pro. No. _____

### COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS ON DEBTORS' PROPERTY

Plaintiff/Judgment Creditor Tradewinds Consulting, Ltd ("**Tradewinds**"), by and through undersigned counsel, hereby files this *Complaint and Request for Declaratory Judgment to Determine Validity, Priority, and Extent of Liens on Debtors' Property* pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure to determine the validity, priority, and extent of its liens on Controladora Dolphin, SA de CV's ("Controladora") property, including the assets of

1

debtor Dolphin Leisure, Inc. (**"Dolphin Leisure"**) and its subsidiaries. In support of this Complaint, the Plaintiff respectfully shows as follows:

## PARTIES

1. Plaintiff Tradewinds is a California limited liability company with its principal place of business located in Bay Point, California.

2. Defendant Controladora is a Mexican entity with its principal place of business in Cancun, Mexico, which owns 100% of the stock of Dolphin Leisure.

3. Dolphin Leisure is a Florida Corporation with its principal place of business in Panama City, Florida. Dolphin Leisure owns and operates the Florida Dolphin Parks (defined below) through certain subsidiaries.

4. Upon information and belief, defendant GLAS AMERICAS LLC is the administrative agent for the Debtor's prepetition first lien secured lenders (the **"First Lien Lenders"**) and the administrative agent for the Debtors' prepetition second lien secure lenders (the **"Second Lien Lenders"** and, together with the First Lien Lenders, the **"Secured Lenders"**).

5. Upon information and belief, defendant The Prudential Insurance Company of America is one of the Debtors' DIP Lenders and may be one of the Secured Lenders.

6. Upon information and belief, defendant Prudential Legacy Insurance Company of New Jersey is one of the Debtors' DIP Lenders and may be one of the Secured Lenders.

7. Upon information and belief, defendant Cigna Health and Life Insurance Company is one of the Debtors' DIP Lenders and may be one of the Secured Lenders.

**JURISDICTION AND VENUE**

8.      Defendant Controladora is a debtor in the jointly administered chapter 11 cases In re Leisure Investments Holdings LLC, Case No. 25-10606 (LSS) (Bankr. D. Del.) (the "Cases") pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

9.      This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

10.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

11.     Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

12.     Pursuant to Rule 7008(a) and rule 7008-1 of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Tradewinds consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**NATURE OF ACTION**

13.     This is an action pursuant to Rules 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201).

14.     By this Complaint, Tradewinds seeks a judgment of this Court declaring the validity and extent of liens held by Tradewinds against Controladora's property, including the Dolphin Park Assets (defined below) (the "Collateral") and determining the priority of such liens against

3

the prepetition and postpetition liens and security interests of the Lenders. Specifically, Tradewinds seeks a determination that (i) Tradewinds holds valid, fully-perfected, and enforceable liens on the Collateral and (ii) such valid, fully perfected, and enforceable liens are senior in priority to the liens asserted by the Secured Lenders.

## BACKGROUND

15.    This post-judgment dispute involves a 2017 judgment entered by the U.S. District Court for the Central District of California ("**Judgment**") against "Grupo Dolphin Discovery" ("**Grupo Dolphin**") and Controladora (collectively, "**Debtors**").

16.    The Judgment arises from an arbitration award stemming from Grupo Dolphin's breach of an agreement ("**Agreement**") with Plaintiff. The arbitration panel found that Debtors' refusal to pay Tradewinds the contractual fee it earned was a breach of the Agreement and entered an award in favor of Tradewinds and against Debtors for $3,678.49.13 plus interest (the "**Arbitration Award")**. Debtors have not paid a cent towards the outstanding Judgment amount, which inclusive of interest and awarded fees, currently exceeds $4 Million.

17.    Controladora owns, among other things, four marine parks located in the United States, which are all located in Florida. These Florida marine parks include the Miami Seaquarium, Marineland in St. Augustine, Dolphin Connection in the Florida Keys and Gulf World in Panama City (collectively "**Florida Dolphin Parks**").

18.    Specifically, Controladora owns 100% of Dolphin Leisure, Inc., a Florida Corporation ("**Dolphin Leisure**") which in turn 100% owns:

a.    Marineland Leisure, Inc. a Florida Corporation that directly owns and operates the Marineland Park;

4

b.       GWWP, LLC and Gulf World Marine Park, Inc., Florida entities that directly own and operate the Gulf World Park or hold adjacent land; and,

c.       The Dolphin Connection, Inc., a Florida Corporation that directly owns and operates the Dolphin Connection Park.

19.       Collectively, Dolphin Leisure and the Florida Dolphin Parks shall be referred to as the **"Dolphin Park Assets."**

20.       In or about November 2015, Controladora pledged 100% of its Dolphin Leisure's stock certificates to predecessor secured lenders pursuant to an initial Note Financing Agreement ("2015 NPA").  It is this transaction which gave rise to Tradewinds's claims against Controladora, and this transaction which was later found to underly the Arbitration Award.

21.       On October 11, 2016, the Arbitration Award was entered against Controladora and Grupo Dolphin Discovery (a non-existent entity that was the signatory to the agreement with Tradewinds).  The Arbitration Award was confirmed and judgment was entered in the United States District Court for the Central District of California on June 7, 2017.

22.       The Judgment was domesticated in the United States District Court for the Southern District of Florida on August 14, 2017.[1]

23.       Controladora financed a Note Purchase Agreement (**"2019 NPA"**) with new lenders, Prudential Insurance Company of America, Prudential Legacy Insurance Company of New Jersey, and Cigna Health and Life Insurance Company.  These lenders are secured creditors in this bankruptcy who claim priority over Tradewinds.

---

[1] The Judgment was recently amended on April 4, 2024. The "**Amended Judgment**" was registered in the Southern District of Florida on May 9, 2024

24. The 2019 NPA was allegedly a refinance of the 2015 NPA; however, the changes in security, guarantors, and terms illustrate that the actual borrowers were new parties, and as such, the 2019 NPA is not a refinance but a new financing agreement.

25. All parties entered into the 2019 NPA with full knowledge of the Judgment, as the Judgment is referenced in the 2019 NPA.

26. Tradewinds recorded its judgment in Florida on August 25, 2021.

27. Thereafter, on June 27, 2022, Controladora and the Secured Lenders entered into a new note purchase agreement **("2022 NPA")**.

28. Once again, the 2022 NPA is allegedly a refinance of the 2015 NPA; however, the complete change in ownership of Controladora, and the changes in security, guarantors, and terms illustrate that the actual borrowers and obligors were new parties, and as such the 2022 NPA is not a refinance but a new financing agreement.

29. All parties entered into to the 2022 NPA with full knowledge of the Judgment, as the Judgment is referenced in the 2022 NPA.

### Justiciable Controversy

30. Tradewinds asserts that it has a valid, perfected, enforceable, first-priority liens and security interests upon all of Collateral, dating from their June 2017 Judgment. Accordingly, Tradewinds seeks a declaration from the Court that it has valid, perfected, enforceable liens on the Collateral senior to the prepetition and postpetition liens claims of the Secured Lenders. The Senior Secured Lenders dispute this contention. A declaratory judgment that declares the extent, validity, and priority of competing lien claims on the Collateral is authorized under Bankruptcy Rule 7001 and will adjudicate disputed issues involved in this controversy between Tradewinds and the Secured Lenders.  Tradewinds seeks and is entitled to a declaratory judgment regarding the extent,

validity, and priority of its judgment lien and the extent, validity and priority of the asserted prepetition and postpetition liens of the Secured Lenders.

**First Claim for Relief**
**Declaratory Judgment**

31.     Tradewinds incorporates by reference the allegations set forth above as if fully set forth herein.

32.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rules 7001(2) and 7001(9).

33.     As set forth above, Tradewinds has a valid judgment lien against the Collateral. The judgment lien relates back to the entry of the Judgment in California, which pre-dates the 2019 NPA.   Therefore, Tradewinds holds liens on the Collateral senior to the liens of the Secured Lenders.

34.     Alternatively, Tradewinds has a validly and timely recorded judgment lien against the Collateral, which relates back to the recording of the Judgment in Florida, and which pre-dates the 2022 NPA.  Tradewinds alleges the 2022 NPA was a new financing agreement, and therefore Tradewinds holds a liens in the Collateral senior to the liens of the Secured Lenders.

35.     Accordingly, Tradewinds respectfully requests a judgment of this Court declaring (i) that Tradewinds is the holder of a valid judgment lien against the Collateral and (ii) that Tradewinds' liens on the Collateral are senior to the liens of the Secured Lenders.

## Requested Relief

WHEREFORE, Tradewinds respectfully requests an order of the Court declaring that it holds a validly perfected, first priority lien on the Collateral prior in time and superior in right to the liens of the Secured Lenders and granting to Tradewinds cost and fees, including attorneys' fees.

Date: June 18, 2025          **SULLIVAN · HAZELTINE · ALLINSON LLC**
     Wilmington, DE

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: 302.428.8191
Email: bsullivan@sha-llc.com
         whazeltine@sha-llc.com

          -and-

FINECOUNSEL
J. Andrew Fine
115 E. Main Street, Suite A
Durham, North Carolina 27707
Tel: 919.307.6311
Email: jaf@finecounsel.law

*Attorneys for Tradewinds Consulting, Ltd*

8